NO. 07-99-0185-CR

NO. 07-99-0186-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 21, 2001

______________________________

ELIAZAR MARTIN CARRILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 194TH DISTRICT COURT OF DALLAS COUNTY;

NO. F-9900565-NM & F-9900566-NM; HONORABLE HAROLD ENTZ, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon pleas of not guilty, appellant Eliazar Martin Carrillo was convicted by a jury of sexual assault of a child, enhanced, in cause numbers F-9900565-NM and F-9900566-NM and punishment was assessed by the court at confinement for life in each cause.  By his first four points of error, he contends the evidence is legally and factually insufficient to prove that he knowingly and intentionally caused his sexual organ to penetrate that of complainant’s, and knowingly and intentionally caused his finger to penetrate the sexual organ of complainant.  By his remaining four points, he contends the trial court erred in disallowing testimony that complainant was recently arrested for a juvenile offense; the trial court erred in disallowing testimony that complainant had accused an uncle of molestation; the trial court erred in overruling his objection to improper jury argument during the guilt/innocence phase; and he was denied effective assistance of counsel during the punishment phase of the trial because trial counsel failed to object to the assessed punishment.  Based upon the rationale expressed herein, we affirm.

On September 18, 1998, complainant’s mother, Sylvia, became aware that her husband, complainant’s stepfather, had been sexually abusing her daughter.
(footnote: 1)  Complainant was 14 years old at the time of her outcry, but at trial recounted incidents of abuse relating back to when she was ten.  On the morning of the 18th, Sylvia dropped complainant off at school, but before Sylvia drove away, complainant got back in the car and began crying and told her mother about the abuse.  They returned home and notified law enforcement.  An officer was dispatched to their home to investigate.  According to his testimony, Sylvia was crying and complainant was apprehensive and her moods ranged from anger to sadness.  Appellant was located at a phone booth in Dallas and arrested.  He was indicted on two separate counts of sexual assault of a child.

By his first four points of error, appellant challenges the legal and factual sufficiency of the evidence to support his convictions for intentionally and knowingly penetrating complainant’s sexual organ with his finger and with his sexual organ.  We disagree.  When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), 
overruled on other grounds
, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under 
Jackson
, we may proceed with a factual sufficiency review.  
Clewis
, 922 S.W.2d at 133.  The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); 
see also
 King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).  Accordingly, we will reverse the fact finder’s determination only if a manifest injustice has occurred.  
Johnson
, 23 S.W.3d at 12.  In conducting this analysis, we may disagree with the jury’s determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder.  
See
 Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove.  A person commits sexual assault of a child if the child is younger than 17 years of age and not the spouse of the actor, and the actor intentionally or knowingly causes penetration of the female sexual organ by any means.  
See
 Tex. Pen. Code Ann. § 22.011(a)(2)(A) and (c)(1) (Vernon Supp. 2001).

Complainant and her mother both testified that complainant was under the age of 17 and not appellant’s spouse when he sexually assaulted her.  Complainant testified in great detail how the incidents of abuse escalated from 1994 to 1998.  When she was ten years old appellant played “horsey” and “airplane” with her.  “Horsey” involved sitting on appellant’s lap and bouncing up and down, and when appellant played “airplane” he would grab her “private” part and her chest.  At age 10 she considered them games, but realized as she got older that appellant began touching her breasts and vagina without playing the games.  When complainant was twelve the abuse intensified to include her touching appellant’s penis.  He would take her hand and place it in his pants and control the movement if she did not cooperate.  She explained that she was afraid to tell her mother because as she was getting older, “things were going farther.”  Appellant also became angry if she did not do as he asked and threatened to take it out on her mother.
  He also threatened to leave and take her younger half sister away as a means of controlling complainant.     

When complainant was 13 appellant would find opportunities to be alone with her. He showed her how to perform oral sex on him.  He would pull his pants down and grab her head and push on it until she stopped resisting.  She described the act as “nasty” and felt like she had to throw up.  He would even force her to perform oral sex while they were in the car.  Appellant also began penetrating complainant with his finger and rubbing his penis against her vagina without penetration.  Complainant considered herself “feisty” and attempted to fight off appellant; however, he would get angry, throw things around, and make threats against complainant’s mother.

After complainant turned 14 in 1998, appellant penetrated her vagina with his penis
 for the first time.  She knew he had penetrated her because she started hurting and crying and tried to push him off, but couldn’t.  The abuse became more frequent and occurred when she would get home from school and her mother was still at work.  Appellant would place a blanket on either complainant’s bed or her mother’s bed before having sex.  Complainant explained that appellant would ejaculate into his socks or on the blanket, but not inside her.  Complainant also testified that she had never had sexual relations with anyone other than appellant.

According to complainant’s mother, when she and appellant had sexual relations he would ejaculate inside her and not into a sock, and then go to sleep.
  However, sexual activity between her and appellant decreased and she suspected he was having an affair.  She explained that her marriage was not stable and she and appellant fought often.  The night before she found out about the abuse, Sylvia had been on the front porch with her younger daughter and when she went inside the house she became suspicious because complainant had a “really scared look on her face.”  According to complainant, appellant had grabbed her while her mother was on the porch.  Sylvia testified that when she entered the house, appellant hurried away from complainant and she experienced a “weird feeling” that something was wrong.  The following day complainant made her outcry to her mother.

Doctor William Freije examined appellant on the day of her outcry.  He testified that complainant’s genitalia was normal, but that no hymen was present.  He explained that although a hymen is not always present in young girls, it is common and breaks down from sexual activity.  A forensic serologist testified that no sperm was found on complainant’s vaginal smears nor on her underwear, but explained that was not unusual because several days had passed since the sexual assault, and Dr. Freije indicated that complainant had bathed, urinated, and had a bowel movement.  On cross-examination, Dr. Freije could not conclusively state that complainant had been sexually assaulted.

After complainant’s outcry, Sylvia consented to a search of her home and complainant led police to the rooms containing evidence.  The blanket used during the assaults was admitted at trial and expert testimony confirmed the presence of sperm and an ejaculation stain.  Appellant’s socks were also admitted into evidence and expert testimony established the presence of sperm.

Appellant did not testify and did not present any witnesses.  However, by cross-examination of the State’s witnesses, counsel attempted to show that appellant was working two jobs to support his family and was too tired for sex with Sylvia.  The defense attempted to establish that complainant and appellant did not get along because he was too strict about typical teenage behavior like using the phone and “hanging out” with her friends.  

The foregoing evidence established that complainant was under age 17 and not married to appellant.  By complainant’s uncontradicted testimony, the State established that when she was 13 appellant began penetrating her sexual organ with his finger and that when she was fourteen he penetrated her sexual organ with his sexual organ.  Viewing the evidence in the light most favorable to the prosecution, we find it legally sufficient to support appellant’s convictions.

Concluding that the evidence is legally sufficient to support the verdict, we must now determine, after a neutral review of all the evidence, whether it is factually sufficient to support the verdict.  
Johnson
, 23 S.W.3d at 11.  It is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their testimony.  Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

Sylvia testified that the family only had one car and the daily routine consisted of her taking appellant to work and then returning home to pick up complainant for school and her younger daughter to take to the babysitter before she went to work.  During her lunch break, she would pick up appellant and he would drive her back to work and keep the car to pick up the girls in the afternoon, making him the sole caretaker of the girls while Sylvia was at work.  Appellant would pick up Sylvia from work after 5:00 p.m.   

Complainant testified that appellant controlled where she went and who her friends were and would not let her talk on the phone or have anything to do with boys.  She described how he became angry when he saw a photo of her and her friends at an amusement park.  There was one boy and eight or nine girls in the photo
 and appellant accused complainant of “fucking” the boy and referred to all her female friends as “hoes.”

Although the medical and scientific evidence was not overwhelming and Dr. Freije couldn’t conclusively state that complainant had been sexually assaulted, complainant’s uncontradicted testimony established that appellant sexually assaulted her as charged in the indictments.  After a neutral review of all the record evidence under
 Johnson
, 23 S.W.3d at 11, and without substituting our own judgment for that of the jury, we conclude that the evidence is factually sufficient to support the convictions.  Points of error one through four are overruled.

By his fifth and sixth points of error, appellant contends the trial court erred in disallowing testimony that complainant was recently arrested for a juvenile offense and in disallowing testimony that she had accused an uncle of molestation.  We disagree.  The trial court has broad discretion in the admission or exclusion of evidence and its decision will not be disturbed on appeal absent an abuse of discretion.  Montgomery v. State, 810 S.W.2d 372, 390-91 (Tex.Cr.App. 1991) (opinion on reh’g).  Before evidence is admissible, it must be relevant.  
See
 Tex. R. Evid. 401.

Outside the jury’s presence appellant elicited testimony from complainant about a recent arrest for engaging in organized criminal activity resulting from a fight she was involved in at school.  No court date had been set regarding this arrest and complainant testified that the fight had nothing to do with the case against appellant.  The defense argued that it should be permitted to cross-examine complainant about the charge to establish a motive to testify favorably for the State who would be prosecuting her on the juvenile case.  The trial court ruled that the defense was prohibited from referring to the pending juvenile case against appellant.  Generally, character evidence is inadmissible.  Tex. R. Evid. 404(a).  However, character evidence of a victim is admissible if proven by reputation or opinion testimony.  Tex. R. Evid. 405(a).  The fact that complainant was arrested for a fight that occurred at school and had nothing to do with the case against appellant did not constitute reputation or opinion testimony and thus, the trial court did not abuse its discretion in disallowing it.  
See, e.g.
, Martinez v. State, 17 S.W.3d 677, 687 (Tex.Cr.App. 2000) (finding the trial court was within its discretion in excluding evidence that the victim had been suspended for three days for hitting a girl at school).  Point of error five is overruled.  
   

The State also questioned complainant outside the jury’s presence regarding a prior accusation of molestation she allegedly made against her aunt’s husband.  The accusation also involved her cousin, whom she concluded had dropped the charges because nothing further developed on the case.  Defense counsel argued that the prior accusation was necessary to impeach complainant’s credibility.  However, when there is no evidence that a prior accusation was falsely made, it is inadmissible.  Hughes v. State, 850 S.W.2d 260, 262-63 (Tex.App.–Fort Worth 1993, pet. ref’d); 
see also
 Lopez v. State, 18 S.W.3d 220, 225-26 (Tex.Cr.App. 2000) (holding that without prior proof that a prior accusation was false, the evidence had no probative value in impeaching credibility, and that the Confrontation Clause does not mandate the admissibility of a prior accusation in a case involving a sexual offense).  The trial court did not abuse its discretion in disallowing evidence of complainant’s prior accusation of molestation.  Point of error six is overruled.

By point of error seven, appellant contends the trial court erred in overruling his objection to improper jury argument during the guilt/innocence phase of the trial.  We disagree.  The prosecutor argued:

If there are any doubts that you may or may not have, that doubt must go to one of these specific elements we are required to prove.  Whether it goes to whether or not someone was wearing a shirt or panties, that’s not important because that’s not what we are required to prove to you.  Folks, you heard testimony from the State, and as the Judge read to you, the burden is always on the State to prove that these offenses occurred.  We accept that burden gladly.  However, I will submit one thing to you.  If there were any witnesses favorable to the defendant and they are by no means required to call –

Defense counsel interrupted and objected that the State was “trying to shift the burden.“ The objection was overruled and argument continued as follows:

They are by no means required to call anyway [sic].  They don’t have to do anything.  But if there were any witnesses favorable to the Defense, favorable to Mr. Carrillo, you would have heard from them and you didn’t.

On appeal, appellant relies on Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, (1965), article 1, section 10 of the Texas Constitution, and section 38.08 of the Texas Code of Criminal Procedure to support his contention that the prosecutor’s argument was an improper comment on his failure to testify.  The State urges that appellant has not preserved this point for review because his objection at trial does not comport with his contention on appeal.  We agree.  
See
 Coffey v. State, 796 S.W.2d 175, 179-80 (Tex.Cr.App. 1990).
(footnote: 2)  Thus, because counsel’s trial objection was that the State was attempting to shift the burden, and on appeal appellant asserts that the comments violated his statutory and constitutional right to remain silent, nothing is preserved for review.  Point of error seven is overruled.

By his final point of error, appellant contends counsel was ineffective for failing to object to the assessment of life imprisonment in each cause as being cruel and unusual punishment.  We disagree.  To establish ineffective assistance of counsel, appellant must show (1) trial counsel’s performance was deficient (
i.e.
, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for trial counsel’s deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).  This standard also applies to the punishment phase of trial.  Hernandez v. State, 988 S.W.2d 770, 772 (Tex.Cr.App. 1999).  

In order to successfully argue on appeal that trial counsel was ineffective for failing to object to the punishment assessed, appellant must show that the trial court would have committed error in overruling such an objection.  Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Cr.App. 1996).  Appellant was convicted of sexual assault of a child, a second degree felony.  Tex. Pen. Code Ann. § 22.011(f) (Vernon Supp. 2001).  However, because appellant’s convictions were enhanced, punishment of life confinement for a first degree felony was appropriate pursuant to section 12.42(b) (Vernon 1994).  Any punishment assessed within the range that is authorized by statute is not cruel and unusual punishment and does not render the sentence excessive.  McNew v. State, 608 S.W.2d 166, 174 (Tex.Cr.App. 1978); Price v. State, 35 S.W.3d 136, 144 (Tex.App.–Waco 2000, pet. ref’d).   Had trial counsel objected to the sentence as cruel and unusual, the trial court would have erred in sustaining the objection because it was within the range authorized by statute.  Thus, appellant has not established that counsel’s failure to object constituted ineffective assistance.  Point of error eight is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
At the time of trial Sylvia was divorced from appellant.

2:
Had appellant preserved his complaint for appellate review, we would have been compelled to find that the trial court erred in not sustaining counsel’s objection and instructing the jury to disregard the prosecutor’s comments.  
See
 Zayas v. State, 972 S.W.2d 779, 783-84 (Tex.App.–Corpus Christi 1998, pet. ref’d) (finding the prosecutor’s comment improper for attempting to shift the burden of proof and holding that an instruction to disregard cured any potential harm).