NO. 07-02-0125-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 22, 2002



______________________________




PAULINE PERALES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A12226-9511; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Upon hearing evidence that appellant Pauline Perales had violated numerous
conditions of her community supervision together with her plea of true to one of the 
allegations made by the State, the trial court revoked community supervision and assessed
punishment at two years confinement in a state jail facility and a $500 fine. In presenting
this appeal, counsel has filed an Anders (2) brief in support of a motion to withdraw. Based
upon the rationale expressed herein, the motion to withdraw is granted and the judgment
is affirmed. 

 In support of his motion to withdraw, counsel asserts that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has
diligently reviewed the record and, in his opinion, the record reflects no reversible error or
grounds upon which an appeal can be predicated. Thus, he concludes the appeal is
frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the court's judgment. Counsel has also shown that he sent a copy of
the brief to appellant, and informed appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified appellant of her right to
review the record and file a pro se brief if she desired to do so. Appellant filed a pro se
brief and the State did not favor us with a brief. 

 A review of the record shows that on February 13, 1996, appellant plead guilty to
the felony offense of unauthorized use of a motor vehicle and was sentenced to two years
confinement and a $500 fine. However, the sentence was suspended and appellant was
placed on community supervision for five years. Three separate motions to revoke
community supervision were filed by the State. After the first, the trial court found
appellant in violation of the community supervision terms, but continued her on
supervision. Following appellant's plea of true to the allegations contained in the State's
second motion to revoke, the trial court extended the community supervision term to six
years. The State's final motion to revoke community supervision was filed December 8,
1999, and heard by the trial court February 13, 2002. Appellant plead true to one of the
allegations contained in the motion to revoke, and following the hearing, the trial court
found appellant to be in violation of the community supervision terms and sentenced her
to the original two year confinement term.

 By the Anders brief, counsel presents one arguable issue, to-wit: whether the trial
court had authority to extend appellant's community supervision longer than the original
five year term. He argues the court did not have such authority, and therefore her
community supervision term expired before the hearing on the motion to revoke, and the
State did not demonstrate the due diligence required to apprehend appellant prior to the
expiration of the community supervision term. However, after a discussion of the evidence
and legal authorities, counsel concedes that no reversible error is presented. 

 Unauthorized use of a motor vehicle is a state jail felony. Tex. Pen. Code Ann. §
31.07 (Vernon 1994). Under article 42.12 

 The minimum period of community supervision a judge may impose under
this section is two years. The maximum period of community supervision a
judge may impose under this section is five years, except that the judge may
extend the maximum period of community supervision under this section to
not more than 10 years.

Tex. Code Crim. Proc. Ann. art. 42.12, §15(b) (Vernon Supp. 2003). Therefore the trial
court did have the authority to extend the community supervision term from five years to
six because it did not exceed the maximum of ten years set forth in the Code. Because
appellant's community supervision term had not expired at the time of her subsequent
arrest and hearing, due diligence on the part of the State to place appellant under arrest
was not an issue. Rodriguez v. State, 804 S.W.2d 516 (Tex.Cr.App. 1991).

 By her pro se brief, appellant also argues her two year sentence is excessive. We
disagree. Appellant's conviction for unauthorized use of a motor vehicle, a state jail felony,
carries a penalty of 180 days to two years confinement. Tex. Pen. Code Ann. § 12.35(a)
(Vernon 1994). A trial court is vested with a great degree of discretion in imposing an
appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App. 1984) (en
banc). Any punishment assessed within the range authorized by statute is not cruel and
unusual and does not render the sentence excessive. Nunez v. State, 565 S.W.2d 536,
538 (Tex.Cr.App. 1978); Price v. State, 35 S.W.3d 136, 144 (Tex.App.-Waco 2000, pet.
ref'd), citing McNew v. State, 608 S.W.2d 166, 174 (Tex.Cr.App. 1978). 

 Appellate review of a revocation order is limited to determining whether a trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984). In a
proceeding to revoke community supervision, the burden of proof is on the State to show
by a preponderance of the evidence that the probationer has violated a condition of
community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d
871, 873 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court
abuses its discretion in revoking community supervision. Cardona, 665 S.W.2d at 494. 
In determining the sufficiency of the evidence to sustain a revocation, we view the
evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d
419, 421 (Tex.Cr.App. 1979). Although one sufficient ground for revocation supports the
trial court's order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true
standing alone is sufficient to support the trial court's revocation order. Moses v. State,
590 S.W.2d 469, 470 (Tex.Cr.App. 1979). 

 A written stipulation of evidence was signed by appellant. She entered a plea of
true to one of the allegations contained in the State's motion to revoke. The trial court
found that appellant's plea of true was freely, voluntarily, knowingly, and intelligently made. 
In addition to the plea of true to her failure to pay court costs and fines, evidence was also
presented that she failed to report to her community supervision officer, failed to report a
change of address, and failed to complete community service. Based on the record before
this Court, we find the trial court acted within its discretion in revoking appellant's
community supervision. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no nonfrivolous issues and agree with
counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516
S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972). 

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed. 

 Don H. Reavis

 Justice


Do not publish.
























 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



f the statutory requirements for an inmate affidavit is to
enable a court to determine not only if a claim has an arguable basis in law, but also to aid
it in determining if it is substantially similar to a previous claim or claims filed by the inmate
and arises from the same operative facts. See Bell v. Texas Dept. of Criminal Justice-Institutional Div., 962 S.W.2d 156, 157-58 (Tex.App.--Houston [14th Dist.] 1998, pet.
denied). Operative facts, within the purview of the statute, must include the alleged factual
situations that gave rise to the various claims and a reasonably detailed description of
those facts. Without that type of information, a trial judge cannot determine if the suit is
so substantially similar to one previously filed by the inmate as to be either malicious or
frivolous. The failure to list the operative facts of prior actions is sufficient to justify the
dismissal of an inmate suit. Clark v. Unit, 23 S.W.3d 420, 422 (Tex. App.--Houston [1st
Dist.] 2000, pet. denied).

 In this case, appellant listed five previous filings. In four of the listings, he included
the dates the suits were filed, the names of the defendants, the cause numbers, and the
disposition or non-disposition of the suits. As the "operative facts" in each case he merely
listed the legal theory he alleged in filing each suit. This sort of allegation falls short of the
type of information required by the statute. See White v. State, 37 S.W.3d 562, 563-64
(Tex.App.--Beaumont 2001, no pet.).

 Section 501.008 of the Government Code provides for an inmate grievance system. 
See Tex. Gov't Code Ann. § 501.088 (Vernon 1998). That section provides an inmate may
not file a claim in state court regarding operative facts for which the Department of Criminal
Justice grievance system provides the exclusive administrative remedy until the inmate
receives a written decision issued by the highest authority provided in the grievance
system, or the 180th day after the date the grievance is filed if the inmate has not received
a written decision. See also Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a) (Vernon Supp.
2002). An inmate who files a claim that is also subject to the grievance system must file
an affidavit stating the date a grievance was filed and the date a written decision was
received, together with a copy of the written decision. If he fails to file a claim within 31
days of receiving a final decision from the grievance system, the trial court must dismiss
the suit. Id. § 14.005(b). If a claim is filed before the grievance proceeding has run its
course, the trial court must stay the suit for at least 180 days to permit completion of the
proceeding. Id. § 14.005(c).

 The purpose of section 14.005 is to allow the trial court to ensure that an inmate
proceeding in forma pauperis has utilized the Department of Criminal Justice if it is
applicable to his claim and to dismiss a suit when it becomes clear that the inmate has
failed to provide the information the statute requires. Smith v. Texas Dept. of Criminal
Justice - Institutional Div., 33 S.W.3d 338, 341 (Tex.App.--Texarkana 2000, pet. denied). 

 In this case, appellant admitted that he was involved in such a grievance
proceeding. He failed to comply with the statute and did not file copies of his grievances
with his petition, nor has he yet filed any such copies. Moreover, at the time of the hearing
on appellees' dismissal motion, he admitted that the grievance was still pending when he
filed this lawsuit. Even so, appellant points to the provision in section 14.005(c) that if the
suit is filed before the grievance proceeding is complete, the court shall delay the
proceeding for a period not to exceed 180 days to permit completion of the grievance
proceeding. He posits that because the trial court never entered a specific order delaying
the proceeding for the 180-day period, his failure cannot be a basis for dismissal. We
disagree. As we noted, the statute specifically provides that the purpose of the delay order
is to permit completion of the grievance proceeding. Appellant's suit was filed on August
15, 1996, nearly five years before the June 5, 2001 dismissal of the suit.

 In sum, the trial court did not abuse its discretion in dismissing appellant's suit and
its judgment doing so is affirmed.


 John T. Boyd

 Chief Justice


Do not publish.