Gary Lee PRICE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–99–181–CR, 10–99–182–CR.

Court of Appeals of Texas,
Waco.

Dec. 6, 2000.

Mark C. Lane, Earl R. Waddell, III, Ft. Worth, for appellant.

Tim Curry, Tarrant County Crim. Dist. Atty., Danielle A. LeGault, Tarrant County Asst. Crim. Dist. Atty., Ft. Worth, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION ON REHEARING ·

VANCE, Justice.

Gary Lee Price was charged by two separate indictments with aggravated kidnapping and indecency with a child. He pled guilty to indecency with a child, and a jury sentenced him to twenty years' confinement. The same jury convicted Price of aggravated kidnapping on a not-guilty plea and found two enhancing sex-offender paragraphs in the aggravated kidnapping indictment to be true. The court assessed his punishment at life imprisonment. Price appeals on six points of error. He contends (1) the trial court failed to admonish him prior to his plea of guilty to indecency with a child, (2) the evidence is legally insufficient to prove that he kidnapped the child, (3) the mandatory life sentence is not supported by statutory authority under section 12.42 of the Penal Code, (4) the trial court erred by admitting evidence of Price's prior Oregon convictions, (5) which were not final felony convictions in that state, and (6) the mandatory life sentence is cruel and unusual punishment under the United States Constitution. We will affirm the judgment.

## FACTS

The victim, twelve years old K.B., was staying at a motel with his parents. While at the motel, K.B. went swimming at the motel pool. Two men, Mark Gilbert and William Burt, were present while K.B. was swimming. After K.B. had been swimming for about half an hour, Price came to the pool. Gilbert and Burt got out of the pool to dry off. Gilbert noticed that Price was swimming close to K.B. and appeared to be whispering in his ear. Gilbert left the pool area to dress, and when he returned Burt told him that K.B. followed Price to Price's room to use the bathroom. Burt said that Price's room number was 114.

Concerned for K.B.'s safety, Gilbert knocked on Price's door. When Price opened the door, Gilbert did not see K.B. in the room. Gilbert rejoined Burt at the pool, and a few minutes later K.B.'s mother, A.L., came to the pool searching for her son. Gilbert told A.L. that he thought K.B. was with Price in room 114. A.L.

went immediately to Price's room followed by Gilbert and Burt.

A.L. knocked on Price's door, and Price answered. A.L. asked for her son, but Price told her that K.B. was not in the room, having left. A.L. pushed the door open and entered the doorway. K.B. then stood up from behind the bed and went to his mother. A.L. left with K.B. and called the police. Gilbert and Burt watched Price until the police officers arrived.

The jury found Price guilty of aggravated kidnapping. During the punishment phase the State produced evidence that Price had pled guilty to sodomy in the second and third degree in Oregon and received deferred adjudication. The jury then found the two sex offender paragraphs in the aggravated kidnapping indictment to be true. Accordingly, the court assessed Price's punishment at life imprisonment pursuant to the mandatory provisions of section 12.42 of the Penal Code.

## ADMONISHMENTS

Price's first point of error is that "according to the record" the trial court failed to admonish him prior to the entry of his plea of guilty as required by article 26.13(a) of the Code of Criminal Procedure. However, the State requested a supplemental record which shows that at a plea hearing Price received the statutory warnings in accordance with article 26.13(a). Consequently, Price's first point of error is without merit.

## LEGAL INSUFFICIENCY

■ Price's second point of error is that the evidence is legally insufficient to support the jury's aggravated kidnapping verdict. In determining whether the evidence is legally sufficient to support a verdict, we view the evidence in the light most favorable to the verdict, asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Weightman v. State,* 975 S.W.2d 621, 624 (Tex. Crim.App.1998); *Lane v. State,* 933 S.W.2d 504, 507 (Tex.Crim.App.1996) (citing *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979)); *Westfall v. State,* 970 S.W.2d 590, 595 (Tex.App.—Waco 1998, pet. ref'd). The evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim. App.1997).

■ The essential elements of aggravated kidnapping are: (1) a person; (2) intentionally or knowingly; (3) abducts; (4) another person with the intent to inflict bodily injury on him or to violate or abuse him sexually. *See* TEX.PEN.CODE ANN. § 20.04(a)(4) (Vernon Supp.2000). A kidnapping becomes a completed offense when a restraint is effected and there is evidence the actor intended to prevent liberation, and that he intended to do so by either secretion or deadly force. *Brimage v. State,* 918 S.W.2d 466, 475 (Tex.Crim. App.1996); *Mason v. State,* 905 S.W.2d 570, 574–75 (Tex.Crim.App.1995).

Price claims the evidence is legally insufficient because it does not show he: (a) restrained K.B.; (b) intended to prevent K.B.'s liberation; or (c) secreted or held K.B. in a place where he was not likely to be found.

### A. Restraint

■ "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. *Id.* § 20.01(1). Restraint is "without consent" if it is accomplished by any means if the victim is a child who is less than 14 years of age and the child's parents do not agree to the movement. *Id.* § 20.01(1)(B)(i). K.B. was only twelve years old at the time of the offense and Price did not receive K.B.'s parents permission. Consequently, Price did not have consent to take K.B. into his

motel room. *Id.; Earhart v. State,* 823 S.W.2d 607, 618 (Tex.Crim.App.1991).

■ "Confining" means to shut up, imprison, immure, put or keep in detention, to relegate to certain limits. *Holmes v. State,* 873 S.W.2d 123, 126 (Tex.App.— Fort Worth 1994, no pet.).

We find evidence which supports the finding that Price confined K.B. K.B. testified that when Gilbert knocked on Price's door, Price shoved K.B. in the bathroom and closed the door. Then when A.L. knocked on Price's door, Price grabbed K.B. and threw him to the floor behind the bed. Consequently, the evidence is legally sufficient to show that Price confined K.B. without consent and thus K.B. was restrained. *Weightman,* 975 S.W.2d at 624.

**B. Intent to prevent the victim's liberation**

■ Price claims the evidence is legally insufficient to prove that he had the specific intent to prevent K.B.'s liberation. For support, Price points to K.B.'s testimony that he had told K.B. to come back to his room later that night. However, the same evidence which supported a finding of restraint, also supports a finding that Price intended to prevent K.B.'s liberation. The first time somebody knocked on Price's door, he shoved K.B. into the bathroom and closed the door. The second time somebody knocked on Price's door, he grabbed K.B. and threw him to the floor behind the bed. This evidence is legally sufficient to show that Price intended to prevent K.B.'s liberation. *Id.*

**C. Secreting or holding in a place that he was not likely to be found**

■ As we understand Price, he argues that the evidence must show that the motel room was objectively a place where K.B. was unlikely to be found. However, according to the Court of Criminal Appeals, such a showing is not a requirement. *Brimage,* 918 S.W.2d at 476.

■ In *Brimage,* the Court of Criminal Appeals stated that the State must prove the following to establish kidnapping:

> 1) a restraint made 2) with a specific intent to prevent liberation by either of two particular means. Thus, secretion and the use or threatened use of deadly force are merely two alternative components of the specific intent element. It is therefore not necessary, as appellant argues, that the State prove a restraint accomplished by either secretion or deadly force. Instead, the State must prove that a restraint was completed and that the actor evidenced a specific intent to prevent liberation by either secretion or deadly force.

*Id.*[1] The requirement of secreting the victim where he will likely not be found is a part of the mens rea of the offense, not the actus reus. *Id.* at 475; *Clark v. State,* 24 S.W.3d 473, 476 (Tex.App.—Texarkana 2000, no pet.). Thus, if the actor intended at any time during the restraint to secrete or hold the victim in a place where he is not likely to be found, the offense is complete. *Santellan v. State,* 939 S.W.2d 155, 162 (Tex.Crim.App.1997); *Mason,* 905 S.W.2d at 575; *Clark,* 24 S.W.3d at 476–77;

1. Our reliance on this portion of *Brimage* may need to be explained. On original submission, Judge Clinton wrote the majority opinion. *Brimage v. State,* 918 S.W.2d 466 (Tex. Crim.App.1996). Appellant raised twelve points of error. *Id.* at 470. The Court addressed and overruled two of appellant's points of error, one pertaining to the requirements necessary to establish kidnapping. *Id.* at 476–77. The Court then sustained appellant's point of error pertaining to an illegal search and seizure and reversed his conviction. *Id.* at 484. On rehearing, the majority overruled appellant's point of error pertaining to the search and seizure along with the remainder of his points of error, without addressing appellant's point of error pertaining to the kidnapping requirements. *Id.* at 495 (Mansfield, J.). Because the new majority could not affirm appellant's conviction without adopting the earlier rulings on the points of error, the analysis on original submission pertaining to what the State must prove to establish kidnapping is controlling law. *King v. State,* 961 S.W.2d 691, 694 n. 3 (Tex.App.— Austin 1998, pet. ref'd).

*King v. State,* 961 S.W.2d 691, 694 (Tex. App.—Austin 1998, pet. ref'd).

"Based on that interpretation of the law, we must determine whether the evidence is factually and legally sufficient to prove that [Price] intended to take [K.B.] to a place [he] was unlikely to be found, not that he actually accomplished his purpose." *King,* 961 S.W.2d at 694. Considered in the light most favorable to the verdict, the evidence supports that conclusion. Price, a total stranger to K.B., lured K.B. from a highly visible swimming area to his motel room. Price then closed the door and actively secreted K.B. when two different people came looking for him. From this the jury could have inferred Price's intent to hide K.B. in a place he was unlikely to be found. *Brimage,* 918 S.W.2d at 475–76; *King,* 961 S.W.2d at 694.

Price's claim that the evidence is not legally sufficient to prove that he kidnapped K.B. is without merit. TEX.PEN. CODE ANN. § 20.01(2). Price's second point of error is overruled.

## MANDATORY LIFE SENTENCE

Price's third and fifth points of error address whether his mandatory life sentence is supported by section 12.42 of the Texas Penal Code. First, Price claims that section 12.42, as written on the date of the offense, did not permit enhancement of his punishment. Second, Price argues that his prior deferred adjudications were not final felony convictions which could be used for enhancement.

### A. Section 12.42 in 1998

▮ Price committed the kidnapping offense on July 19, 1998. In 1998, section 12.42 addressed repeat and habitual felony offenders. The applicable portions at that time stated:

**2.** Penal Code section 20.04 is Aggravated Kidnapping. TEX.PEN.CODE ANN. § 20.04 (Vernon Supp.2000).

**3.** Penal Code section 21.11 is Indecency with a Child, section 22.011 is Sexual Assault, and

## § 12.42. Penalties for Repeat and Habitual Felony Offenders

. . .

(c)(2) A defendant shall be punished by imprisonment in the institutional division for life if:

(A) the defendant is convicted of an offense:

. . .

(ii) under Section 20.04(a)(4), Penal Code [2], if the defendant committed the offense with the intent to violate or abuse the victim sexually; and

. . .

(B) the defendant has been previously convicted of an offense:

. . .

(ii) under Section 21.11, 22.011, 22.021, or 25.02, Penal Code [3]; or

. . .

(v) under the laws of another state containing elements that are substantially similar to the elements of an offense listed in Subparagraph (i), (ii), (iii), or (iv).

. . .

(d) [Enhancing punishment for third felony conviction]

. . .

(g) For the purposes of Subsection (d)(2):

(1) a defendant has been previously convicted of an offense listed under Subsection (d)(2)(B) if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant

section 22.021 is Aggravated Sexual Assault. TEX.PEN.CODE ANN. §§ 21.11, 22.011, 22.021 (Vernon Supp.2000).

was subsequently discharged from community supervision; and

(2) a conviction under the laws of another state for an offense containing elements that are substantially similar to the elements of an offense listed under Subsection (d)(2)(B) is a conviction of an offense listed under Subsection (d)(2)(B).

Act of May 23, 1997, 75th Leg., R.S., ch. 665, §§ 1, 2, 1997 Tex.Gen.Laws 2247, 2247–48 (amended 1999) & Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 4, 1997 Tex.Gen.Laws 2250, 2252 (amended 1999), (current version at Tex.Pen.Code Ann. § 12.42(c)(2), (d), (g)(1), (g)(2) (Vernon Supp.2000)).

Thus, the Penal Code, in 1998 provided that if a defendant is convicted of aggravated kidnapping with the intent to violate or abuse the victim sexually and had been previously convicted under laws of another state containing elements that are substantially similar to indecency with a child, sexual assault, aggravated sexual assault, or prohibited sexual conduct, the defendant must be assessed a life sentence. *Id.* Furthermore, under 12.42(g) a defendant has been "convicted" if the defendant was either adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed. *Id.*

The issue under the 1998 version of the statute, however, is to what other subsections does subsection (g) apply. As it existed in 1998, section 12.42(g), referred to subsections (d)(2) and (d)(2)(B) instead of (c)(2) and (c)(2)(B). Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 4, 1997 Tex.Gen. Laws 2250, 2252 (amended 1999). This is because the Legislature had previously enacted Chapter 665, which amended subsection (d), moving subsection (d)(2) to subsection (c) and renaming it as subsection (c)(2). Act of May 23, 1997, 75th Leg., R.S., ch. 665, §§ 1, 2, 1997 Tex.Gen.Laws

2247, 2247–48 (amended 1999). However, when the Legislature during the same session enacted Chapter 667, adding subsection (g) to section 12.42, it did not take this earlier amendment into consideration, and consequently subsection (g) referred to subsections (d)(2) and (d)(2)(B) instead of (c)(2) and (c)(2)(B).[4] Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 4, 1997 Tex.Gen. Laws 2250, 2252 (amended 1999).

 If amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each. Tex.Gov't Code Ann. § 311.025(b) (Vernon 1998); *Young v. State*, 14 S.W.3d 748, 752 (Tex. Crim.App.2000). Construction of a statute should not lead to absurd results. *Brown v. State*, 943 S.W.2d 35, 36 (Tex.Crim.App. 1997). Our role in interpreting the practical effects of the amendment requires us to look for and give effect to the intent of the Legislature. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998). Accordingly, we find that when the Legislature enacted Chapter 667, it intended subsection (g) to refer to subsections (c)(2) and (c)(2)(B) and not subsections (d)(2) and (d)(2)(B) of section 12.42.

As a result, section 12.42 provided statutory authority for life imprisonment if a defendant (1) was convicted of aggravated kidnapping with the intent to violate or abuse a victim sexually, and (2) had previously been convicted of an offense under the laws of another state containing elements that are substantially similar to the elements of sexual assault or aggravated sexual assault. Act of May 23, 1997, 75th Leg., R.S., ch. 665, §§ 1, 2, 1997 Tex.Gen. Laws 2247, 2247–48 (amended 1999) & Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 4, 1997 Tex.Gen.Laws 2250, 2252 (amended 1999). The second requirement

---

4. In 1999, the Legislature corrected section 12.42(g) to refer to subsections (c)(2) and (c)(2)(B). Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 15.01, 1999 Tex.Gen.Laws 357.

is satisfied if the defendant received deferred adjudication, regardless of whether the defendant's conviction ever became "final." *Id.*

### B. Application of Section 12.42 to Price

██ Price pled guilty to indecency with a child and the jury convicted him of aggravated kidnapping. Price had previously pled guilty to sodomy in the second and third degree in Oregon and was placed on deferred adjudication. The State produced evidence, the court took judicial notice, and the jury found that sodomy in the second and third degree in Oregon were substantially similar to sexual assault and aggravated sexual assault under the Texas Penal Code. *Compare* TEX.PEN.CODE ANN. §§ 22.011, 22.021 (Vernon Supp.2000), *with* OR.REV.STAT. §§ 163.395, 163.385 (1999).

Price claims that his prior deferred adjudications cannot be used to enhance his punishment because they were not final convictions. However, the Texas Legislature had resolved this issue in section 12.42. Act of May 23, 1997, 75th Leg., R.S., ch. 665, §§ 1, 2, 1997 Tex.Gen.Laws 2247, 2247–48 (amended 1999) & Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 4, 1997 Tex.Gen.Laws 2250, 2252 (amended 1999). As a result, Price's prior Oregon deferred adjudications can be used to enhance his punishment. *Scott v. State,* 19 S.W.3d 864, 867 (Tex.App.—Texarkana 2000, pet. granted). Consequently, based upon our interpretation of the statute, we find Price's mandatory life sentence to be supported by the statute. Price's third and fifth points of error are overruled.

### AUTHENTICITY OF PRIOR JUDGMENTS

██ Price's fourth point of error contends that the trial court erred in admitting certain exhibits evidencing Price's prior Oregon convictions. Price objected that the documents were "not properly authenticated under Texas law." On appeal, Price argues that the State did not comply with self-authentication requirements of Rule 902(4). TEX.R.EVID. 902(4). The relevant portion of that rule states:

**Rule 902. SELF-AUTHENTICATION**

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

**(1) Domestic Public Documents Under Seal.** A document bearing a seal purporting to be that of the United States, or of any State ... and a signature purporting to be an attestation or execution.

**(4) Certified Copies of Public Records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority.

TEX.R.EVID. 902(1), (4).

Review of the documents included in the record reveals that the exhibits were copies of official records duly certified by the clerk of the Circuit Court in Union County, Oregon. Consequently, the exhibits comply with the requirements listed above and were self-authenticated. *See Texas Dept. of Public Safety v. Silva,* 988 S.W.2d 873, 877 (Tex.App.—San Antonio 1999, pet. denied). Price's fourth point of error is overruled. TEX.R.EVID. 902(1), (4).

### CRUEL AND UNUSUAL PUNISHMENT

██ Price's sixth point of error is that the mandatory life sentence is cruel and unusual punishment under the United States Constitution. Price argues that mitigating factors should have been considered in determining his sentence. According to Price, the mandatory life sentence statute

contains no provisions for evaluating his character, conduct, or employment history since receiving probation.

 However, the mandatory life sentence does not constitute a "cruel and unusual" punishment within the meaning of the Eighth Amendment. U.S. CONST. amend. VIII. This conclusion is supported by the United States Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). In *Harmelin*, the Court held that a mandatory life sentence imposed on a defendant for possessing 672 grams of cocaine did not violate the Eighth Amendment. *Id.* 501 U.S. at 961, 111 S.Ct. at 2684. The Court stated that a sentence does not become cruel or unusual just because it is mandatory. *Id.* 501 U.S. at 995, 111 S.Ct. 2680, 2701–02. Thus, the Court reaffirmed that the Constitution does not require individualized sentencing or the jury to consider mitigating evidence when the death penalty is not at issue. *Id.*

 Price plead guilty to indecency with a child and the jury sentenced him to twenty years' confinement. The jury convicted Price of aggravated kidnapping and found the two sex offender paragraphs in the aggravated kidnapping indictment to be true. Accordingly, the court assessed his punishment at life imprisonment pursuant to the mandatory provisions of section 12.42 of the Penal Code. TEX.PEN.CODE ANN. § 12.42(c)(2), (g)(1), (g)(2). Any punishment assessed within the range that is authorized by statute is not cruel and unusual punishment, and does not render the sentence excessive. *McNew v. State*, 608 S.W.2d 166, 174 (Tex.Crim.App.1978); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). Price's sixth point of error is overruled.

## CONCLUSION

Having overruled all of Price's points of error, we affirm the judgment.