NO. 07-99-0408-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2001

______________________________

TIMOTHY WAYNE GASPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 73625; HONORABLE CHARLES D. CARVER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea of guilty, appellant Timothy Wayne Gasper was placed on deferred adjudication for ten years and fined $1,000 for sexual assault of a child.  After a hearing on a motion to revoke probation, he was adjudicated guilty and punishment was assessed at 15 years confinement.  By general notice of appeal,
(footnote: 1) appellant challenges his punishment with two points of error contending (1) the trial court erred in sentencing him to 15 years in prison because the trial court accepted the agreed plea bargain agreement, which did not include a 15 year jail term, and (2) the trial court abused its discretion in sentencing him to 15 years in prison.  Based on the rationale expressed herein, we affirm.

Appellant entered a plea bargain with the State, whereby the State agreed to the imposition of ten years probation.  Thereafter, appellant failed to attend the Jefferson County Boot Camp Program as directed by the court.  Appellant then entered a plea of true to the allegation that he did not attend this program and the trial court heard a one-count motion to revoke probation and assessed punishment at 15 years confinement.  Appellant did not object to this imposition and then filed a general notice of appeal.

By his first point of error, appellant contends the trial court erred by imposing a sentence that was greater than that agreed upon in the plea bargain.  We disagree.  Although article 42.12, section 5(b) permits an appeal from assessment of punishment after an adjudication of guilt, it is still necessary to preserve the complaint for appellate review.  
See
 Tex. R. App. P. 33.1(a)(1)(A); 
see also
 Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999).  Appellant did not object and thus preserved nothing for review.  Moreover, imposition of a higher sentence is not precluded upon proceeding to adjudication due to a violation of the terms of deferred adjudication probation.  Ditto v. State, 988 S.W.2d 236, 239-40 (Tex.Cr.App. 1999).  

By his second point of error, appellant contends the trial court abused its discretion in assessing 15 years confinement.  We disagree.  The trial judge was authorized by the Texas Code of Criminal Procedure, article 42.12, section 5(b) to proceed as if the adjudication of guilt had not been deferred after appellant’s probation was revoked.  Sexual assault of a child is a second degree felony punishable by a term . . . of not more than 20 years or less than 2 years.  Tex. Pen. Code Ann.  §§ 22.011(f), 12.33(a) (Vernon 1994 & Supp. 2001).  Any punishment assessed within the range authorized by statute is not cruel and unusual and does not render the sentence excessive.  Price v. State, 35 S.W.3d 136, 144 (Tex.App.--Waco 2000, no pet.) 
citing
 McNew v. State, 608 S.W.2d 166, 174 (Tex.Cr.App. 1978).  Appellant’s second point of error is therefore overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1: We have jurisdiciton under a general notice of appeal and Texas Rule of Appellate Procedure 25.2(b)(3) does not apply because appellant is challenging his punishment and not his adjudication of guilt.  
See
 Vidaurri v. State, no. 151-99, 2001 Tex.Cr.App. Lexis 50,
 at *9 (June 20, 2001).