COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-178-CV
 
 
 
IN 
THE MATTER OF J.N.S.
 
 
 
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        A 
juvenile court adjudged Appellant J.N.S. delinquent of the offense of unlawful 
restraint and sentenced him to probation.  In a single point, J.N.S. 
challenges the factual sufficiency of the evidence to support the 
judgment.  We will affirm.
II. Factual 
Background
        J.N.S. 
approached a group of girls who were walking down the street in front of his 
house.  J.N.S. asked thirteen year old H.F., “when did [she] get 
hot.”  A five to ten minute conversation ensued between J.N.S. and H.F. 
as two of H.F.’s friends stood nearby.  Eventually, J.N.S. picked H.F. up 
and “flipped [her] up over his shoulder.”  As J.N.S. walked away with 
H.F., H.F. “mouthed” to her friends to go get help.  With H.F. draped 
over his shoulder, J.N.S. walked into his house, through the living room, and 
into his mother’s bedroom, closing the door behind him.  J.N.S. dropped 
H.F. on the bed and said, “I’m game.  What about you?”  A friend 
of J.N.S.’s, who was in the living room with another minor, entered the room 
briefly, told them not to forget to use protection, and left, locking the door 
behind him.  H.F. felt “freaked out” and ran out of the house.
        H.F.’s 
two friends waited outside for H.F. for a few minutes, but then decided to go 
tell H.F.’s mom of the situation.  As they walked home, H.F. caught up 
with them; she was screaming, crying, and was afraid for her life.  H.F. 
later told her mother of what had happened, and her mother called the police.
        The 
State waived kidnapping and retaliation charges and elected to proceed with an 
adjudication against J.N.S. only for unlawful restraint.  The juvenile 
court adjudicated J.N.S. delinquent of this offense.
III. Factual 
Sufficiency Of The Evidence And Consent
        In 
his sole point, J.N.S. posits that the evidence is factually insufficient to 
support the judgment.  Specifically, J.N.S. “challenges the trial 
court’s judgment on the ground of consent,” arguing “[t]he record reflects 
that [H.F.] willingly participated in the encounter with [J.N.S.].”
        We 
apply the criminal factual sufficiency standard of review to appeals from 
juvenile adjudications. See In re L.A.S., 135 S.W.3d 909, 914 (Tex. 
App.—Fort Worth 2004, no pet.).  In reviewing the factual sufficiency of 
the evidence to support a conviction, we are to view all the evidence in a 
neutral light, favoring neither party.  See Zuniga v. State, 144 
S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered 
in a factual sufficiency review is whether, considering the evidence in a 
neutral light, the fact finder was rationally justified in finding guilt beyond 
a reasonable doubt.  Id. at 484.  There are two ways evidence 
may be factually insufficient: (1) the evidence supporting the verdict or 
judgment, considered by itself, is too weak to support the finding of guilt 
beyond a reasonable doubt; or (2) when there is evidence both supporting and 
contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt.  Id. at 484-85.  “This standard acknowledges that 
evidence of guilt can ‘preponderate’ in favor of conviction but still be 
insufficient to prove the elements of the crime beyond a reasonable 
doubt.”  Id. at 485.  In other words, evidence supporting a 
guilty finding can outweigh the contrary proof but still be insufficient to 
prove the elements of an offense beyond a reasonable doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at 481; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s.  Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at 484, 486-87.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports the appellant’s complaint on appeal.  Sims v. 
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        Unlawful 
restraint is defined as follows: “A person commits an offense if he 
intentionally or knowingly restrains another person.” Tex. Penal Code Ann. § 20.02 (Vernon 
2003).  “‘Restrain’ means to restrict a person’s movements without 
consent, so as to interfere substantially with the person’s liberty, by moving 
the person from one place to another or by confining the person.”  Id. 
§ 20.01(1) (Vernon Supp. 2004-05).  “Restraint is ‘without consent’ 
if it is accomplished by: (A) force, intimidation, or deception; or (B) any 
means, including acquiescence of the victim, if: (i) the victim is a child who 
is less than 14 years of age . . . and the parent . . . acting in loco parentis 
has not acquiesced in the movement or confinement.”  Id. § 
20.01(1)(A), (1)(B)(i).
        The 
record demonstrates that J.N.S. picked H.F. up, placed her over his shoulder, 
and took her into his mother’s bedroom.[2]  
H.F.’s date of birth is January 14, 1991.  Thus, at the time the incident 
occurred, March 28, 2004, H.F. was thirteen years old.  Additionally, 
H.F.’s mother testified that J.N.S. would not have had her permission to pick 
H.F. up and take her into his residence.  Accordingly, pursuant to section 
20.01(1)(B)(i) of the penal code, H.F. was incapable of consenting to the 
restraint because she was younger than fourteen years of age at the time of its 
commission.  See id. § 20.01(1)(B)(i).  As such, J.N.S.’s 
argument that H.F. consented to the restraint is statutorily foreclosed.  See 
Price v. State, 35 S.W.3d 136, 139 (Tex. App.—Waco 2000, pet. ref’d) 
(holding restraint “without consent” where appellant took twelve year old 
into motel room without permission of parents).
        J.N.S. 
further argues that the testimony of Shaddy Bowling, the individual who entered 
the bedroom briefly while J.N.S. and H.F. were inside, was “not contradicted 
by the only other people in the house besides [H.F.]”  Bowling observed 
J.N.S. carrying H.F. into the bedroom and testified that H.F. was laughing and 
giggling at the time and that, overall, she showed no signs of fear.  While 
it is true that neither J.N.S. nor the one other minor who was inside the house 
at the time of the incident testified, H.F. did testify.  Because it is the 
province of the fact finder, in this case the trial court, to resolve conflicts 
in the evidence and issues of credibility, the trial court may have chosen to 
believe only part of Bowling’s testimony.  See Johnson v. State, 
23 S.W.3d 1, 9 (Tex. Crim. App. 2000).
        In 
addition to H.F.’s inability to consent, she and S.S., one of H.F.’s friends 
who witnessed J.N.S. pick her up and take her into his house, testified and gave 
substantially similar accounts of the events that day.  Officer Bill Jones 
of the Azle police department prepared the police report and testified that H.F. 
was very upset and crying at the time.  An examination of the entire record 
shows that, viewing all the evidence in a neutral light, favoring neither party, 
and giving deference to the fact finder’s determinations, the trial court was 
rationally justified in finding guilt beyond a reasonable doubt.  See 
Zuniga, 144 S.W.3d at 481, 484.  We overrule J.N.S.’s point.
IV. Conclusion
        Having 
overruled J.N.S.’s sole point, we affirm the trial court’s judgment.
   
                                                               
PER CURIAM

  
  
PANEL 
F:   WALKER, GARDNER, and MCCOY, JJ.
 
DELIVERED: 
January 13, 2005

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
H.F. testified that she was scared and intimidated by J.N.S. and that she would 
not have entered his house had he not picked her up and taken her inside.