In the Matter of J.N.S.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-178-CV

IN THE MATTER OF J.N.S. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A juvenile court adjudged Appellant J.N.S. delinquent of the offense of unlawful restraint and sentenced him to probation.  In a single point, J.N.S. challenges the factual sufficiency of the evidence to support the judgment.  We will affirm.

II.  Factual Background

J.N.S. approached a group of girls who were walking down the street in front of his house.  J.N.S. asked thirteen year old H.F., “when did [she] get hot.” A five to ten minute conversation ensued between J.N.S. and H.F. as two of H.F.’s friends stood nearby.  Eventually, J.N.S. picked H.F. up and “flipped [her] up over his shoulder.”  As J.N.S. walked away with H.F., H.F. “mouthed” to her friends to go get help.  With H.F. draped over his shoulder, J.N.S. walked into his house, through the living room, and into his mother’s bedroom, closing the door behind him.  J.N.S. dropped H.F. on the bed and said, “I’m game.  What about you?”  A friend of J.N.S.’s, who was in the living room with another minor, entered the room briefly, told them not to forget to use protection, and left, locking the door behind him.  H.F. felt “freaked out” and ran out of the house. 

H.F.’s two friends waited outside for H.F. for a few minutes, but then decided to go tell H.F.’s mom of the situation.  As they walked home, H.F. caught up with them; she was screaming, crying, and was afraid for her life. H.F. later told her mother of what had happened, and her mother called the police. 

The State waived kidnapping and retaliation charges and elected to proceed with an adjudication against J.N.S. only for unlawful restraint.  The juvenile court adjudicated J.N.S. delinquent of this offense. 

III.  Factual Sufficiency Of The Evidence And Consent

In his sole point, J.N.S. posits that the evidence is factually insufficient to support the judgment.  Specifically, J.N.S. “challenges the trial court’s judgment on the ground of consent,” arguing “[t]he record reflects that [H.F.] willingly participated in the encounter with [J.N.S.].”  

We apply the criminal factual sufficiency standard of review to appeals from juvenile adjudications.  
See In re L.A.S.
, 135 S.W.3d 909, 914 (Tex. App.—Fort Worth 2004, no pet.).  
In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Unlawful restraint is defined as follows: “A person commits an offense if he intentionally or knowingly restrains another person.”  
Tex. Penal Code Ann.
 § 20.02 (Vernon 2003).  “‘Restrain’ means to restrict a person’s movements without consent, so as to interfere substantially with the person’s liberty, by moving the person from one place to another or by confining the person.”  
Id
. § 20.01(1) (Vernon Supp. 2004-05).  “Restraint is ‘without consent’ if it is accomplished by: (A) force, intimidation, or deception; or (B) any means, including acquiescence of the victim, if: (i) the victim is a child who is less than 14 years of age . . . and the parent . . . acting in loco parentis has not acquiesced in the movement or confinement.”  
Id
. § 20.01(1)(A), (1)(B)(i). The record demonstrates that J.N.S. picked H.F. up, placed her over his shoulder, and took her into his mother’s bedroom.
(footnote: 2)  H.F.’s date of birth is January 14, 1991.  Thus, at the time the incident occurred, March 28, 2004, H.F. was thirteen years old.  Additionally, H.F.’s mother testified that J.N.S. would not have had her permission to pick H.F. up and take her into his residence.  Accordingly, pursuant to section 20.01(1)(B)(i) of the penal code, H.F. was incapable of consenting to the restraint because she was younger than fourteen years of age at the time of its commission.  
See id
. § 20.01(1)(B)(i).  As such, J.N.S.’s argument that H.F. consented to the restraint is statutorily foreclosed.  
See Price v. State
, 35 S.W.3d 136, 139 (Tex. App.—Waco 2000, pet. ref’d) (holding restraint “without consent” where appellant took twelve year old into motel room without permission of parents). J.N.S. further argues that the testimony of Shaddy Bowling, the individual who entered the bedroom briefly while J.N.S. and H.F. were inside, was “not contradicted by the only other people in the house besides [H.F.]”  Bowling observed J.N.S. carrying H.F. into the bedroom and testified that H.F. was laughing and giggling at the time and that, overall, she showed no signs of fear. While it is true that neither J.N.S. nor the one other minor who was inside the house at the time of the incident testified, H.F. did testify.  Because it is the province of the fact finder, in this case the trial court, to resolve conflicts in the evidence and issues of credibility, the trial court may have chosen to believe only part of Bowling’s testimony.  
See Johnson v. State
, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).  

In addition to H.F.’s inability to consent, she and S.S., one of H.F.’s friends who witnessed J.N.S. pick her up and take her into his house, testified and gave substantially similar accounts of the events that day.  Officer Bill Jones of the Azle police department prepared the police report and testified that H.F. was very upset and crying at the time.  An examination of the entire record shows that, 
viewing all the evidence in a neutral light, favoring neither party, and giving deference to the fact finder’s determinations,
 the trial court was rationally justified in finding guilt beyond a reasonable doubt
.  
See Zuniga
, 144 S.W.3d at 481, 484.
  We overrule J.N.S.’s point.

IV.  Conclusion

Having overruled J.N.S.’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, GARDNER, and MCCOY, JJ.

DELIVERED:
 January 13, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
H.F. testified that she was scared and intimidated by J.N.S. and that she would not have entered his house had he not picked her up and taken her inside.