COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-003-CR
 
  
SCOTTIE A. MCDANIEL                                                          APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
   
    
------------
FROM CRIMINAL DISTRICT COURT 
NO. 4 OF TARRANT COUNTY
------------
OPINION
------------
        Appellant 
Scottie McDaniel appeals his conviction for aggravated kidnapping. In four 
points, he contends that the trial court erred by overruling his motions to 
quash the indictment and that the State’s evidence was legally and factually 
insufficient to support his conviction.  We will reverse and remand.
        On 
October 24, 2001, B.H., an eight-year-old girl, was playing with her older 
siblings and appellant in the backyard of her mother's friend’s house.  
Appellant was tossing B.H. into the air and catching her.  When B.H.’s 
mother was almost ready to leave, she told the children to go to the car and 
wait for her.
        As 
the children waited for their mother in her car, appellant and B.H. played a 
game in which he would approach one side of the car and she would respond by 
sliding across the back seat to get away from him.  After a few minutes of 
this “cat and mouse” game, appellant took B.H. out of the car and carried 
her over his shoulder to his house across the street.  Although B.H. 
initially thought appellant was still playing with her, she screamed, punched 
appellant’s back, and resisted going into his house.  After carrying her 
through the front entrance to his house, he locked the barred security door 
behind them but left the front door open.
        Once 
inside, appellant carried B.H. into a bedroom and dropped her on a bed.  
She immediately got up and ran out of the house, and appellant did nothing to 
stop her.  When appellant walked out of the house behind B.H., he 
encountered her mother and her mother’s friend, who confronted him about 
taking B.H. into his house.  After the confrontation, appellant locked his 
house and walked off.  B.H.’s mother called the police to report the 
incident.
        Officer 
Harris located appellant a short time later and asked him if he was involved 
with something to do with a little girl.  Appellant replied that the 
spirits told him to take the girl.  He said he took the girl into his room, 
put her on the bed, and waited for the spirits to tell him what to do 
next.  In response to further questioning, appellant indicated that he 
thought the spirits were probably going to tell him to have sex with her.[1]
        Appellant 
was charged with and pleaded not guilty to unlawful restraint of a child and 
aggravated kidnapping.  A jury found him guilty of aggravated kidnapping 
and sentenced him to seventeen years’ confinement.
        In 
his first two points appellant contends that the trial court erred in denying 
his motions to quash the indictment because it failed to set forth the manner 
and means of appellant’s acts on which the State relied to establish his 
culpability.  The State argues that appellant had sufficient notice of the 
manner and means it sought to prove because it specified which of the 
alternative definitions of "abduct" and "restrain" it 
intended to rely upon for conviction.
        An 
indictment must charge the commission of an offense in ordinary and concise 
language in such a manner as to enable a person of common understanding to know 
what is meant, and with that degree of certainty that will give the defendant 
notice of the particular offense with which he is charged, and enable the court, 
on conviction, to pronounce the proper judgment.  Tex. Code Crim. Proc. Ann. art. 21.11 
(Vernon 1989); McKinney v. State, 59 S.W.3d 304, 310 (Tex. App.—Fort 
Worth 2001, pet. ref’d), cert. denied, 536 U.S. 968 (2002).  A 
motion to quash should be granted when the language in the indictment concerning 
the defendant's conduct is so vague or indefinite as to deny the defendant 
effective notice of the acts he allegedly committed.  Daniels v. State, 
754 S.W.2d 214, 217 (Tex. Crim. App. 1988); McKinney, 59 S.W.3d at 
310.  An indictment tracking the language of a statute that defines the act 
constituting the offense in a manner that will inform the accused of the nature 
of the charge will satisfy constitutional and statutory notice 
requirements.  State v. Mays, 967 S.W.2d 404, 406 (Tex. Crim. App. 
1998).  An indictment will fail for lack of specificity, however, if it 
tracks statutory language that defines the manner or means of commission in 
several alternative ways without identifying which of the statutory means it 
addresses.  State v. Edmond, 933 S.W.2d 120, 128 (Tex. Crim. App. 
1996).  We review a trial court's ruling on a motion to quash the 
indictment under an abuse of discretion standard.  Thomas v. State, 
621 S.W.2d 158, 163 (Tex. Crim. App. 1980); McKinney, 59 S.W.3d at 310.
        Count 
one of the indictment charged that appellant did “intentionally or knowingly 
by force, intimidation, or deception restrain [B.H.], a child younger than 14 
years of age, without her consent by restricting the movements of said [B.H.].” 
Count two of the indictment charged that appellant “did with the intent to 
facilitate the commission of a felony, to wit: aggravated sexual assault of a 
child, intentionally or knowingly abduct [B.H.] by restraining [B.H.] without 
consent by moving [B.H.] from one place to another with the intent to prevent 
the liberation of [B.H.] by secreting or holding [B.H.] in a place [B.H.] was 
not likely to be found.”  Because the indictment tracked the language of 
articles 20.01(1), (2), 20.03(a), and 20.04(a)(3) of the Texas Penal Code[2] and specified which of the two means of abduction[3] and restraint[4] appellant was 
charged with, we hold that the indictment was sufficient to give appellant 
notice of the offenses with which he was charged.  We overrule 
appellant’s first and second points.
        In 
his third and fourth points, appellant challenges the legal and factual 
sufficiency of the evidence.  Specifically, he contends that the State 
failed to prove that he intended to hold B.H. in a place where she was not 
likely to be found and that the jury’s finding on that element was against the 
great weight and preponderance of the evidence.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004).
        In 
reviewing a point asserting that a finding is against the great weight and 
preponderance of the evidence, we must consider and weigh all of the evidence 
and set aside the finding only if the evidence is so weak or the finding so 
contrary to the great weight and preponderance of the evidence as to be clearly 
wrong and unjust.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 
(Tex. 2001); In re King’s Estate, 150 Tex. 662, 244 S.W.2d 660, 661 
(Tex. 1951).  We are to give deference to the fact finder’s 
determinations, including determinations involving the credibility and demeanor 
of witnesses.  Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 
2004); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  
We may not substitute our judgment for that of the fact finder’s. Zuniga, 
144 S.W.3d at 482.
        The 
jury found appellant guilty of aggravated kidnapping.  To prove aggravated 
kidnapping under the indictment, the State had to show that, to facilitate the 
commission of aggravated sexual assault of a child, appellant intentionally or 
knowingly restricted B.H.’s movements without her consent by moving her from 
one place to another with intent to prevent her liberation by secreting or 
holding her in a place where she was not likely to be found.  See Tex. Penal Code arts. 20.01(1), 
20.01(2)(A), (B), 20.03(a), 20.04(a)(3).  The element of secreting the 
victim where she will likely not be found is a part of the mens rea of the 
offense, not the actus reus.  Brimage v. State, 918 S.W.2d 466, 475 
(Tex. Crim. App. 1994); Clark v. State, 24 S.W.3d 473, 476 (Tex. 
App.—Texarkana 2000, no pet.).  Therefore, the State was required to 
prove that appellant intended to hold B.H. in a place where she was not likely 
to be found, not that she was unlikely to be found in the place that he actually 
held her.  See Santellan v. State, 939 S.W.2d 155, 162 (Tex. Crim. 
App. 1997); Brimage, 918 S.W.2d at 475-76; Price v. State, 35 
S.W.3d 136, 140-41 (Tex. App.—Waco 2000, pet. ref’d).
        The 
following facts show that appellant intended to hold B.H. in a place where she 
was not likely to be found: 1) appellant took B.H. into his house when her 
mother was absent; 2) he refused to put her down even though she struggled with 
him; and 3) he carried her inside the house and locked the door behind 
him.  Judging this evidence in the light most favorable to the verdict, we 
conclude that a rational trier of fact could have found that appellant intended 
to prevent B.H.’s liberation by secreting her or holding her in a place where 
she was not likely to be found.  Accordingly, we overrule appellant’s 
third point.
        In 
reviewing the factual sufficiency of the evidence, we must consider the 
preceding evidence as well as that evidence tending to show that appellant did 
not intend to hold B.H. in a place where she was not likely to be found.  
Although appellant carried B.H. into his house when her mother was not present, 
he did so in broad daylight, knowing that several other people were witnessing 
his action.[5]  Appellant did not put B.H. down 
when she struggled with him but apparently made no effort to quiet her 
screams.  Moreover, her behavior, and his reaction to it, was consistent 
with the games they had been playing.  Finally, although appellant locked 
the outer security door after they entered his house, he left the front door 
open, immediately released B.H. on the bed, did nothing further to restrain her, 
and allowed her to leave the house.  The entire incident lasted less than 
three minutes.  These facts distinguish this case from those cases cited in 
the State’s brief because they show that appellant did not intend to hold B.H. 
in a place where she was not likely to be found or isolate her from those who 
may have assisted her.[6]
        The 
great weight and preponderance of the evidence indicates that appellant intended 
to take B.H. to his house, a place where he knew she would be found.  
Therefore, the evidence is factually insufficient to support appellant’s 
conviction for aggravated kidnapping.  Accordingly, we sustain 
appellant’s fourth point and reverse and remand the case to the trial court.
    
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
PANEL A:   CAYCE, 
C.J.; HOLMAN and WALKER, JJ.
HOLMAN, J. dissents without 
opinion
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: March 3, 2005


NOTES
1.  
Officer Harris’s report did not include appellant’s purported statement 
about what he thought the spirits were going to tell him to do.
2.  The 
pertinent language of the penal code provides:
   
        “A person commits an 
offense if he intentionally or knowingly abducts another person.”  Tex. Penal Code art. 20.03(a) (Vernon 
2003).
        “‘Abduct’ 
means to restrain a person with intent to prevent his liberation by secreting or 
holding him in a place where he is not likely to be found; or using or 
threatening to use deadly force.”  Id. art. 20.01(2)(A), (B) 
(Vernon Supp. 2004-05).
        "’Restrain’ 
means to restrict a person's movements without consent, so as to interfere 
substantially with the person's liberty, by moving the person from one place to 
another or by confining the person.” Id. art. 20.01(1) (Vernon Supp. 
2004-05).
        “A 
person commits an offense if he intentionally or knowingly abducts another 
person with the intent to facilitate the commission of a felony.” Id. 
art. 20.04(a)(3) (Vernon 2003).
    
3.  See 
Curry v. State, 30 S.W.3d 394, 403 (Tex. Crim. App. 2000).
4.  See 
Reynolds v. State, 723 S.W.2d 685, 686 (Tex. Crim. App. 1986).
5.  
B.H.’s siblings were in the vehicle with her, and appellant acknowledged a 
neighbor as he walked toward the children.
6.  See 
Megas v. State, 68 S.W.3d 234, 240 (Tex. App.—Houston [1st Dist.] 2002, 
pet. ref’d) (holding that pulling the victim into a car to prevent her from 
escaping and driving away from people who had stopped to help showed intent to 
isolate the victim from those who might have assisted her); Price, 35 
S.W.3d at 140 (holding that concealing a boy in a motel room by hiding him in 
the bathroom and pushing him behind a bed when people came looking for him 
showed intent to isolate the victim from those who might have assisted him); King 
v. State, 961 S.W.2d 691, 694 (Tex. App.—Austin 1998, pet. ref’d) 
(holding that picking up an unaccompanied stranger who had passed out in front 
of a bar and carrying her to a dimly lit alley on Halloween night without 
realizing that two police officers were watching showed intent to hold the 
victim in a place where she was not likely to be found).