McDaniel v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-003-CR

SCOTTIE A. MCDANIEL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Scottie McDaniel appeals his conviction for aggravated kidnapping.  In four points, he contends that the trial court erred by overruling his motions to quash the indictment and that the State’s evidence was legally and factually insufficient to support his conviction.  We will reverse and remand.

On October 24, 2001, B.H., an eight-year-old girl, was playing with her older siblings and appellant in the backyard of her mother's friend’s house.   Appellant was tossing B.H. into the air and catching her.  When B.H.’s mother was almost ready to leave, she told the children to go to the car and wait for her.

As the children waited for their mother in her car, appellant and B.H. played a game in which he would approach one side of the car and she would respond by sliding across the back seat to get away from him.  After a few minutes of this “cat and mouse” game, appellant took B.H. out of the car and carried her over his shoulder to his house across the street.  Although B.H. initially thought appellant was still playing with her, she screamed, punched appellant’s back, and resisted going into his house.  After carrying her through the front entrance to his house, he locked the barred security door behind them but left the front door open.

Once inside, appellant carried B.H. into a bedroom and dropped her on a bed.  She immediately got up and ran out of the house, and appellant did nothing to stop her.  When appellant walked out of the house behind B.H., he encountered her mother and her mother’s friend, who confronted him about taking B.H. into his house.  After the confrontation, appellant locked his house and walked off.  B.H.’s mother called the police to report the incident. 

Officer Harris located appellant a short time later and asked him if he was involved with something to do with a little girl.  Appellant replied that the spirits told him to take the girl.  He said he took the girl into his room, put her on the

bed, and waited for the spirits to tell him what to do next.  In response to further questioning, appellant indicated that he thought the spirits were probably going to tell him to have sex with her.
(footnote: 1) 

Appellant was charged with and pleaded not guilty to unlawful restraint of a child and aggravated kidnapping.  A jury found him guilty of aggravated kidnapping and sentenced him to seventeen years’ confinement.

In his first two points appellant contends that the trial court erred in denying his motions to quash the indictment because it failed to set forth the manner and means of appellant’s acts on which the State relied to establish his culpability.  The State argues that appellant had sufficient notice of the manner and means it sought to prove because it specified which of the alternative definitions of "abduct" and "restrain" it intended to rely upon for conviction.

An indictment must charge the commission of an offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment.  
Tex. Code Crim. Proc. Ann.
 art. 21.11 (Vernon 1989); 
McKinney v. State, 
 59 S.W.3d 304, 310 (Tex. App.—Fort Worth 2001, pet. ref’d), 
cert. denied, 
536 U.S. 968 (2002).  A motion to quash should be granted when the language in the indictment concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed. 
 Daniels v. State
, 754 S.W.2d 214, 217 (Tex. Crim. App. 1988); 
McKinney
, 59 S.W.3d at 310.  An indictment tracking the language of a statute that defines the act constituting the offense in a manner that will inform the accused of the nature of the charge will satisfy constitutional and statutory notice requirements.  
State v. Mays
, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998).  An indictment will fail for lack of specificity, however, if it tracks statutory language that defines the manner or means of commission in several alternative ways without identifying which of the statutory means it addresses. 
 State v. Edmond
, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996).  We review a trial court's ruling on a motion to quash the indictment under an abuse of discretion standard.  
Thomas v. State
, 621 S.W.2d 158, 163 (Tex. Crim. App. 1980); 
McKinney
, 59 S.W.3d at 310.

Count one of the indictment charged that appellant did “intentionally or knowingly by force, intimidation, or deception restrain [B.H.], a child younger than 14 years of age, without her consent by restricting the movements of said [B.H.].”  Count two of the indictment charged that appellant “did with the intent to facilitate the commission of a felony, to wit: aggravated sexual assault of a child, intentionally or knowingly abduct [B.H.] by restraining [B.H.] without consent by moving [B.H.] from one place to another with the intent to prevent the liberation of [B.H.] by secreting or holding [B.H.] in a place [B.H.] was not likely to be found.”  Because the indictment tracked the language of articles 20.01(1), (2), 20.03(a), and 20.04(a)(3) of the Texas Penal Code
(footnote: 2) and specified 

which of the two means of abduction
(footnote: 3) 
and restraint
(footnote: 4) 
appellant was charged with, we hold that the indictment was sufficient to give appellant notice of the offenses with which he was charged.  We overrule appellant’s first and second points.

In his third and fourth points, appellant challenges the legal and factual sufficiency of the evidence.  Specifically, he contends that the State failed to prove that he intended to hold B.H. in a place where she was not likely to be found and that the jury’s finding on that element was against the great weight and preponderance of the evidence.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

In reviewing a point asserting that a finding is against the great weight and preponderance of the evidence, we must consider and weigh all of the evidence and set aside the finding only if the evidence is so weak or the finding so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.  
Dow Chem. Co. v. Francis
, 46 S.W.3d 237, 241 (Tex. 2001); 
In re King’s Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (Tex. 1951).  
We are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Zuniga v. State, 
144 S.W.3d 477, 481 (Tex. Crim. App. 2004); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s. 
 Zuniga, 
144 S.W.3d at 482.

The jury found appellant guilty of aggravated kidnapping.  To prove aggravated kidnapping under the indictment, the State had to show that, to facilitate the commission of aggravated sexual assault of a child, appellant  intentionally or knowingly restricted B.H.’s movements without her consent by moving her from one place to another 
with intent to prevent her liberation by secreting or holding her in a place where she was not likely to be found. 
See
 
Tex. Penal Code 
arts. 20.01(1), 20.01(2)(A), (B), 20.03(a), 20.04(a)(3). 
 The element of secreting the victim where she will likely not be found is a part of the mens rea of the offense, not the actus reus.  
Brimage v. State
, 918 S.W.2d 466, 475 (Tex. Crim. App. 1994); 
Clark v. State
, 24 S.W.3d 473, 476 (Tex. App.—Texarkana 2000, no pet.).  Therefore, the State was required to prove that appellant intended to hold B.H. in a place where she was not likely to be found, not that she was unlikely to be found in the place that he actually held her.  
See Santellan v. State
, 939 S.W.2d 155, 162 (Tex. Crim. App. 1997); 
Brimage, 
918 S.W.2d at 475-76;
 
Price v. State
, 35 S.W.3d 136, 140-41 (Tex. App.—Waco 2000, pet. ref’d).

The following facts show that appellant intended to hold B.H. in a place where she was not likely to be found: 1) appellant took B.H. into his house when her mother was absent; 2) he refused to put her down even though she struggled with him; and 3) he carried her inside the house and locked the door behind him.  Judging this evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found that appellant intended to prevent B.H.’s liberation by secreting her or holding her in a place where she was not likely to be found.  Accordingly, we overrule appellant’s third point.

In reviewing the factual sufficiency of the evidence, we must consider the preceding evidence as well as that evidence tending to show that appellant did not intend to hold B.H. in a place where she was not likely to be found.  Although appellant carried B.H. into his house when her mother was not present, he did so in broad daylight, knowing that several other people were witnessing his action.
(footnote: 5)  Appellant did not put B.H. down when she struggled with him but apparently made no effort to quiet her screams.  Moreover, her behavior, and his reaction to it, was consistent with the games they had been playing.  Finally, although appellant locked the outer security door after they entered his house, he left the front door open, immediately released B.H. on the bed, did nothing further to restrain her, and allowed her to leave the house.  The entire incident lasted less than three minutes.  These facts distinguish this case from those cases cited in the State’s brief because they show that appellant did not intend to hold B.H. in a place where she was not likely to be found or isolate her from those who may have assisted her.
(footnote: 6)
 The great weight and preponderance of the evidence indicates that appellant intended to take B.H. to his house, a place where he knew she would 

be found.  Therefore, the evidence is factually insufficient to support appellant’s 

conviction for aggravated kidnapping.  Accordingly, we sustain appellant’s fourth point and reverse and remand the case to the trial court.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

HOLMAN, J. dissents without opinion 

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 March 3, 2005

FOOTNOTES
1:
Officer Harris’s report did not include appellant’s purported statement about what he thought the spirits were going to tell him to do. 

2:
The pertinent language of the penal code provides:

“A person commits an offense if he intentionally or knowingly abducts another person.”  
Tex. Penal Code 
art. 20.03(a) (Vernon 2003).

“‘Abduct’ means to restrain a person with intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found; or using or threatening to use deadly force.”  
Id.
 art. 20.01(2)(A), (B) (Vernon Supp. 2004-05).

"’Restrain’ means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person.”  
Id.
 art. 20.01(1) (Vernon Supp. 2004-05).

“A person commits an offense if he intentionally or knowingly abducts another person with the intent to facilitate the commission of a felony.” 
Id.
 art. 20.04(a)(3) (Vernon 2003).

3:
See
 
Curry v. State
,
 
30 S.W.3d 394, 403 (Tex. Crim. App. 2000).

4:
See Reynolds v. State
,
 
723 S.W.2d 685, 686 (Tex. Crim. App. 1986).

5:
B.H.’s siblings were in the vehicle with her, and appellant acknowledged a neighbor as he walked toward the children. 

6:
See
 
Megas v. State
, 68 S.W.3d 234, 240 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (holding that pulling the victim into a car to prevent her from escaping and driving away from people who had stopped to help showed intent to isolate the victim from those who might have assisted her)
; Price, 
35 S.W.3d at 1
40 (holding that concealing a boy in a motel room by hiding him in the bathroom and pushing him behind a bed when people came looking for him showed intent to isolate the victim from those who might have assisted him);
  King v. State, 
961 S.W.2d 691, 694 (Tex. App.—Austin 1998, pet. ref’d) (holding that picking up an unaccompanied stranger who had passed out in front of a bar and carrying her to a dimly lit alley on Halloween night without realizing that two police officers were watching showed intent to hold the victim in a place where she was not likely to be found)
.