NO. 07-07-0125-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 29, 2007


______________________________



JONATHAN BEARD, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-410,769; HON. BRAD UNDERWOOD, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


 Jonathan Beard was convicted of murdering his wife Sharon. In challenging that
conviction, he argues, via four issues, that he received ineffective assistance of counsel
and, in two issues, that Rules of Appellate Procedure 21.4 and 21.6 are unconstitutional. 
We affirm the judgment. 

 


 Issues 1, 2, 3, and 4 - Ineffective Assistance

 Regarding the first four issues, appellant asserts that his counsel was deficient
because he purportedly failed to request DNA testing of a hair found in the victim's mouth
or present mitigating evidence during the punishment phase of the trial. We overrule the
issues.

 DNA Testing

 As for the matter of DNA testing, the record discloses that appellant moved for a
new trial. In that motion, the topic of trial counsel's ineffectiveness was broached, as it was
at the hearing on the motion. Moreover, appellant mentioned that the alleged
ineffectiveness could stem from either "Trial Counsel['s]" failure to "present[] a proper
request to the Trial Court for an expert in DNA and [for] the funds to allow DNA testing." 
Like concern was raised at the hearing as well when appellant commented upon prior
counsel's allegedly belated request for DNA testing of the hair in question; the motion was
made post-conviction. Yet, while trial counsel's action with regard to DNA testing was
obviously an issue to appellant at the hearing, he did not call his attorney as a witness. 
And, therein lies the problem with appellant's ineffective assistance claim. 

 Authority requires us to presume counsel acted in conformance with some
reasonable trial strategy unless the record discloses otherwise. Garza v. State, 213
S.W.3d 338, 348 (Tex. Crim. App. 2007) (stating that if the reasons for counsel's conduct
do not appear in the record and there is at least the possibility that the conduct could have
been grounded in legitimate trial strategy, an appellate court must defer to counsel's
decision). And, that trial counsel's actions viz DNA testing were founded on such a
strategy is quite probable. Indeed, if he had asked for the hair in question to be tested
before trial, then it was possible that the test results would have vitiated one of his client's
defenses. And, that defense encompassed the identity of the individual who appellant
accused of killing his wife. In other words, if DNA testing proved that the hair did not
belong to the individual whom appellant accused, then he would not be able to argue that
it did. So too would have the results been one more bit of evidence indicating that the
supposed assailant was not at the murder site but rather in San Antonio at the time of the
killing. 

 Simply put, the gray area left by the absence of testing also left defense counsel
with opportunity to shade it in his client's favor. And, whether this actually was trial
counsel's intent could have easily been resolved at the hearing on appellant's request for
a new trial. Instead, defense counsel was not called to testify. So given that defense
counsel may have been pursuing a legitimate trial strategy, appellant has failed to carry his
burden of showing ineffective assistance. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.
Crim. App. 2005) (stating that a claim of ineffective assistance must be firmly founded in
the record). 

 Regarding the matter of presenting mitigating evidence at the punishment hearing, 
appellant notes that of his two sisters, a brother, two sons and a daughter someone surely
"had something good to say about . . ." him. Yet, again, he says nothing about why trial
counsel opted to forego calling any of them as witnesses. Nor was trial counsel himself
called to explain it at the hearing on motion for new trial. Therefore, we do not know if
counsel simply failed to investigate the availability of any potential mitigating evidence or
conducted an investigation and concluded that the evidence discovered would not be
favorable. In short, we lack an adequate record upon which to assess whether counsel
acted reasonably. See Anderson v. State, 193 S.W.3d 34, 39 (Tex. App.-Houston [1st
Dist.] 2006, pet. ref'd) (holding that because the appellant did not call his trial counsel as
a witness at the motion for new trial hearing, there was no record from which to determine
whether counsel acted reasonably in not calling any witnesses). 

 Nor did appellant cite us to any evidence illustrating that favorable mitigating
evidence actually existed. See Bone v. State, 77 S.W.3d 828, 837 (Tex. Crim. App. 2002)
(noting that the record did not show that other mitigating evidence existed); Gaston v.
State, 136 S.W.3d 315, 322 (Tex. App.-Houston [1st Dist.] 2004, pet. dism'd) (stating that
whether to present witnesses is largely a matter of trial strategy and that there was no
showing that had counsel pursued a different strategy at the punishment hearing that the
result would have been different). And, it cannot logically be said that simply because
appellant had siblings and other family members they would have said good things about
him. So, we cannot say that his supposed failure to call a relative or sibling affected the
outcome in any way much less in a way required to satisfy a claim of ineffective assistance. 
See Bone v. State, 77 S.W.3d at 833 (stating that the complainant must show both error
and prejudice). 

 Issues 5 and 6 - Constitutionality of Rules of Procedure

 In his last two issues, appellant challenges the constitutionality of Rules 21.4 and
21.6 of the Rules of Appellate Procedure. Rule 21.4 addresses the time in which to file a
motion for new trial while Rule 21.6 concerns the time one has to present a motion for new
trial to the trial court. Appellant argues that as applied to him the rules are unconstitutional
because a complete transcript of the trial was unavailable at the time the trial court held
its hearing on his motion for new trial. He further asks that the matter be abated and
remanded to the trial court so that he can develop the grounds underlying his ineffective
assistance claim. We overrule the issues for several reasons.

 First, we are cited to no evidence illustrating that any delay in obtaining the appellate
record was caused by factors outside his control. And, if the record could have been
secured before the hearing on his new trial motion but was not due to his conduct, then we
would be hard-pressed to accept his contentions. 

 Second, no complaint was made below about the purported unconstitutionality of
Texas Rule of Appellate Procedure 21.4. He simply mentioned Rules 21.6 and 26.2. (1) 
Thus complaint about Rule 21.4 was not preserved. Curry v. State, 910 S.W.2d 490, 496
(Tex. Crim. App. 1995) (stating that the constitutionality of a statute as applied must be
raised in the trial court to preserve error). (2) 

 Third, the Court of Criminal Appeals has recognized that often an adequate record
is not available for an appellant to properly raise a claim of ineffective assistance via a
motion for new trial. See Robinson v. State, 16 S.W.3d 808, 810-811 (Tex. Crim. App.
2000). Yet, the aggrieved need not rely only on that procedural vehicle. He has available
to him the avenue of post-conviction habeas corpus. Id. at 810. And, habeas corpus is
the preferable method by which to raise such claims, according to the Court of Criminal
Appeals. So, we hesitate to hold Rule 21.6 unconstitutional when appellant tries to
prosecute a matter which is not readily susceptible to prosecution within. (3) 

 So too does appellant have another means through which to prosecute the
substance of his claim. It appears in the form of a motion or petition for DNA testing under
chapter 64 of the Texas Code of Criminal Procedure. More importantly, those moving for
relief under that statute are afforded appointed counsel. Tex. Code Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2007).

 Finally, with regard to the circumstances before us, appellant actually did have the
means to develop his claim for ineffective assistance. Again, the trial court had a hearing
on the motion for new trial, and appellant raised the claim through that vehicle. Yet, he
failed to have the purportedly ineffective attorney appear and testify about matters
elemental to the claim. Why he did not, we know not. So, given that appellant failed to
make effective use of the time periods accompanying motions for new trial, we cannot say
that those time periods are somehow unconstitutional when applied to him and under the
circumstances of record. 

 The judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice

Publish. 
1. We note that appellant does not take issue with Rule 26.2 on appeal.
2. Though Curry dealt with a statute, we see no reason why its holding should not apply to rules of
procedure as well.
3. To the extent that appellant asserts that habeas relief is ineffective because he would not be entitled
to appointed legal counsel, we refer the litigants to article 1.051(d) of the Texas Code of Criminal Procedure. 
It accords the trial court the authority to appoint counsel in habeas proceedings.



ation
Program." Under article 62.02(b)(1), the Department of Public Safety is required to provide
registration forms to the Texas Department of Criminal Justice and local law enforcement
authorities and requires that the form include:

 (1) the person's full name, each alias, date of birth, sex, race, height, weight,
eye color, hair color, social security number, driver's license number, shoe
size, and home address . . . . 


(Emphasis added). Thus, for sex offender registration purposes, the home address of the
sex offender as opposed to a business, mailing, e-mail address, or any other address is
determinative. Accordingly, appellant's third point is overruled.

 By his fourth point, appellant contends that by sentencing him to five years for
failure to register as a sex offender, the trial court committed fundamental error in violation
of the Eighth Amendment prohibition against cruel and unusual punishment. We disagree. 
Appellant was sentenced to five years confinement for failure to register as a sex offender,
enhanced to a third degree felony. The statutory range for a third degree felony is "not
more than 10 years or less than 2 years." Tex. Pen. Code Ann. §12.34(a) (Vernon 1994). 
Any punishment assessed within the range that is authorized by statute is not cruel and
unusual punishment and does not render the sentence excessive. McNew v. State, 608
S.W.2d 166, 174 (Tex.Cr.App. 1978); Price v. State, 35 S.W.3d 136, 144 (Tex.App.-Waco
2000, pet. ref'd). Therefore, appellant's fourth point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

 

Do not publish.
1. "I must verify and complete registration within 7 days of the date indicated in this
notice with the law enforcement agency identified above.

 If under supervision, not later than 7 days prior to any change of address, I must
notify my supervising officer and the last registering law enforcement agency of my new
address and within 7 days of establishing my new address, I must appear in person with
the law enforcement agency having jurisdiction over my address and verify my new
address. . . ."



2. Several people lived at the house on 68th Street, including a 14-year-old girl who
indicated that appellant had made attempts to touch or molest her.