IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00260-CR

 

Christopher Lee Phillips,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 08-01833-CRF-85

 



ORDER










 

            The reporter’s record in this appeal
was originally due on August 3, 2009.  Tex.
R. App. P. 35.2(a).  Two reporters were responsible for the preparation
of this record.  The first reporter received an extension of time to September 30, 2009 to file the record.  On that date, the Court received a notice from the
first reporter explaining that she could not file the reporter’s record because
the second reporter had not completed her portion of the reporter’s record. 
Both reporters received an extension to November 5, 2009 to file the record.  No reporter’s record was filed.  On January 5, 2010, the Court received a request for extension of time from the second reporter, Helen Wooten.  The
request was granted, and the date to file the reporter’s record was extended
until February 11, 2010.  Meanwhile, on January 22, 2010, the portion of the reporter’s record from the first reporter was received.  

            The portion of the reporter’s record
from Helen Wooten was not filed by February 11.  On March 24, 2010, the Clerk of this Court notified Wooten that her portion of the reporter’s record had
not been filed and that she had previously indicated it would be filed by February 11, 2010.  Wooten was given 10 days to contact the Court.  On April 5, 2010, Wooten requested another extension of time to file her portion of the reporter’s
record.  The request was granted and the date to file her portion of the
reporter’s record was extended to May 3, 2010.  Wooten was warned that if the record was not filed by May 3, 2010, the matter would be referred to the Court.  Wooten’s portion of the reporter’s record has not been filed.

            It is the joint responsibility of this
Court and the trial court to ensure that the appellate record is timely filed. 
Tex. R. App. P. 35.3(c). 
Further, this Court may enter any order necessary to ensure the timely filing
of the appellate record.  Id.  Accordingly, Helen Wooten’s portion of
the reporter’s record is ORDERED to be filed no later than 7 days from the date
of this order.  

            Failure to file the reporter’s record
as herein ordered will result in an abatement order for the trial court, the
Honorable J.D. Langley of the 85th District Court, to determine, working with
the deputy reporter, Helen Wooten, a date certain by which the supplemental
reporter’s record will be filed.

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed May 19, 2010

Publish






hth Amendment’s ban on “cruel and unusual punishment.”[1]
 E.g., Harmelin v. Michigan, 501 U. S. 957, 111 S. Ct. 2680, 115 L. Ed 2d
836 (1991).  Although such claims are seldom successful, there is an
established body of case law which provides a framework for analyzing such an
Eighth Amendment claim.  See Graham v. Florida, _____ U. S.
______, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). See also Meadoux
v. State, 325 S.W.3d 189, 194 (Tex. Crim. App. 2010).

            Appellant has, instead, cast
his issue in terms of an “abuse of discretion.”  He has not cited any cases
where an appellate court has reviewed the length of an otherwise lawful
sentence and determined that the court abused its discretion by imposing such a
sentence.  Indeed, the only case he cites is Jackson v. State, 680
S.W.2d 809 (Tex. Crim. App. 1984).  Jackson involves a court’s abuse of
discretion in the procedure employed at the sentencing phase; it has
nothing to do with the actual sentence and, therefore, no applicability to this
case.[2]

            In reviewing a sentence
under an “abuse of discretion” claim, we follow the general rule that any
sentence within the statutory range of punishment is not excessive.  McNew
v. State, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978); Price v. State,
35 S.W.3d 136, 144 (Tex. App.—Waco 2000, pet. ref’d).  Appellant was convicted
of assault family violence, subsequent offense, under Texas Penal Code §
22.01(b)(2).  Such an offense is a third degree felony punishable by anywhere
from 2 to 10 years in prison and an optional fine up to $10,000.  Tex. Pen. Code Ann. § 12.34 (West Supp.
2010).  The 9 year sentence was within that range of punishment. 

            Sentencing is necessarily
subjective.  Factors which one judge deems important may be viewed differently
by another judge.  The trial court’s discretion allows it to impose any
sentence authorized by law.[3]

            The sentence in this case
was within the statutory range of punishment.  The trial court did not abuse
his discretion.  We overrule appellant’s sole issue.

            Having overruled appellant’s
sole ground of error, the judgment is affirmed.

 

 

KEN ANDERSON

District Judge

 

Before
Chief Justice Gray, 

Justice Scoggins, and 

Judge Anderson[4]

Affirmed

Opinion
delivered and filed April 27, 2011

Do
not publish

[CR25]

 









[1]  To raise an Eighth Amendment issue on
appeal, it must be brought to the attention of the trial court.  Kim v.
State, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d)
(following and discussing four previous cases finding waiver where no objection
to the sentence was presented to the trial court).  In this case, no Eighth
Amendment objection was raised at the trial court level.  This may be the
reason he has not raised an Eighth Amendment issue.

 





[2]  Jackson involved a defendant
who was convicted after a bench trial.  The judge died and was replaced for the
sentencing.  The new judge relied exclusively on a pre-sentence investigation
report to set punishment.  Over the defendant’s objections, he refused to
review a transcription of the actual witnesses’ testimony at the
guilt/innocence phase of the trial.





[3]  We have set out the facts as developed
in the case to put appellant’s argument in context.  We are not, however,
relying on a subjective review of those facts to determine whether the trial
court abused his discretion.

 





[4]  Ken Anderson, Judge of the 277th District Court of
Williamson County, sitting by assignment of the Chief Justice of the Texas
Supreme Court pursuant to Section 74.003(h) of the Government Code.  See
Tex. Gov’t Code Ann. § 74.003(h)
(West 2005).