

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00172-CR

**RONALD LEE SHELBURG,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 13th District Court
Navarro County, Texas
Trial Court No. 32032-CR**

## MEMORANDUM OPINION

Appellant plead guilty to the felony offense of assault family violence, subsequent offense. TEX. PEN. CODE ANN. § 22.01(b)(2) (West Pamp. 2010). After a sentencing hearing, the trial judge assessed his punishment at 9 years in prison. Appellant appeals.

On May 8, 2008, appellant went to his mother-in-law's home where his wife and two sons were staying. He entered the home without announcing his presence. He surprised his wife. Few, if any words were exchanged. In the presence of his sons, he punched his wife in the mouth and then in the eye. The second blow knocked her to the

ground. Her head hit a cabinet as she fell. As appellant's brother-in-law came into the room, appellant hit him also. During the ensuing struggle, appellant's wife ran across the street to call the police. Appellant gave chase while screaming profanities at his wife. She was able to call 9-1-1. Appellant fled before the police arrived. He was arrested the following day.

At the punishment hearing, both the victim and appellant testified. The victim stated that appellant had been verbally and mentally abusive to her on a daily basis, that he had hit her on two other occasions, and that she was afraid of him and wanted him to go to prison. The appellant testified that he wanted to support his children and be given probation. He also admitted to three prior misdemeanor convictions for assault – two of which involved domestic abuse. The longest previous sentence he received was 12 months in jail. At the conclusion of the hearing, appellant's lawyer asked the judge to sentence him to probation; the prosecutor asked for 10 years in prison. Neither the sufficiency of the evidence nor the voluntariness of the guilty plea is challenged on appeal.

In appellant's sole issue on appeal, he argues that the trial court abused its discretion in sentencing appellant to 9 years in prison. He contends the trial court failed to consider the "overwhelming circumstances that would make probation in this cause a just and sensible alternative to prison." Because the trial judge did not abuse his discretion, we affirm the judgment.

Typically, challenges to the proportionality of the length of a sentence to the facts are raised as a violation of the Eighth Amendment's ban on "cruel and unusual

punishment."[1]  *E.g., Harmelin v. Michigan,* 501 U. S. 957, 111 S. Ct. 2680, 115 L. Ed 2d 836 (1991).  Although such claims are seldom successful, there is an established body of case law which provides a framework for analyzing such an Eighth Amendment claim.  *See Graham v. Florida*, _____ U. S. _____, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). *See also Meadoux v. State*, 325 S.W.3d 189, 194 (Tex. Crim. App. 2010).

Appellant has, instead, cast his issue in terms of an "abuse of discretion."  He has not cited any cases where an appellate court has reviewed the length of an otherwise lawful sentence and determined that the court abused its discretion by imposing such a sentence.  Indeed, the only case he cites is *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984).  *Jackson* involves a court's abuse of discretion in the *procedure* employed at the sentencing phase; it has nothing to do with the actual sentence and, therefore, no applicability to this case.[2]

In reviewing a sentence under an "abuse of discretion" claim, we follow the general rule that any sentence within the statutory range of punishment is not excessive.  *McNew v. State*, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978); *Price v. State*, 35 S.W.3d 136, 144 (Tex. App.—Waco 2000, pet. ref'd).  Appellant was convicted of assault family violence, subsequent offense, under Texas Penal Code § 22.01(b)(2).  Such an

---

[1]  To raise an Eighth Amendment issue on appeal, it must be brought to the attention of the trial court. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (following and discussing four previous cases finding waiver where no objection to the sentence was presented to the trial court).  In this case, no Eighth Amendment objection was raised at the trial court level.  This may be the reason he has not raised an Eighth Amendment issue.

[2]  *Jackson* involved a defendant who was convicted after a bench trial.  The judge died and was replaced for the sentencing.  The new judge relied exclusively on a pre-sentence investigation report to set punishment.  Over the defendant's objections, he refused to review a transcription of the actual witnesses' testimony at the guilt/innocence phase of the trial.

offense is a third degree felony punishable by anywhere from 2 to 10 years in prison and an optional fine up to $10,000. TEX. PEN. CODE ANN. § 12.34 (West Supp. 2010). The 9 year sentence was within that range of punishment.

Sentencing is necessarily subjective. Factors which one judge deems important may be viewed differently by another judge. The trial court's discretion allows it to impose any sentence authorized by law.[3]

The sentence in this case was within the statutory range of punishment. The trial court did not abuse his discretion. We overrule appellant's sole issue.

Having overruled appellant's sole ground of error, the judgment is affirmed.


KEN ANDERSON
District Judge

Before Chief Justice Gray,
        Justice Scoggins, and
        Judge Anderson[4]
Affirmed
Opinion delivered and filed April 27, 2011
Do not publish
[CR25]

---

[3] We have set out the facts as developed in the case to put appellant's argument in context. We are not, however, relying on a subjective review of those facts to determine whether the trial court abused his discretion.

[4] Ken Anderson, Judge of the 277th District Court of Williamson County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to Section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2005).